IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Eric LaGuardia, *et al.*,

        Plaintiffs,    :   Case No. 2:20-cv-2311

  - vs -                      Judge Sarah D. Morrison
                              Magistrate Judge Vascura

Designer Brands Inc., *et al.*,
                                  :

        Defendants.

**OPINION AND ORDER**

Plaintiffs Eric LaGuardia, Sophia Wingate, Nicole Austin, and Lindsey Rucker brought this class action lawsuit alleging Defendants Designer Brands, Inc. and DSW Shoe Warehouse, Inc. (collectively "DSW") violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq*, by sending them unwanted, automated spam text messages. (ECF No. 22 ¶ ¶ 31-50.) After the Court denied a Motion for Judgment on the Pleadings (ECF No. 93), Defendants moved to dismiss Count I of the First Amended Complaint on the grounds that the Court lacks subject matter jurisdiction over that claim. (ECF No. 95.) Plaintiffs responded in opposition (ECF No. 100) and Defendants replied (ECF No. 105). Each side then filed numerous notices of supplemental authority. (ECF Nos. 108, 112, 114, 118, 119, 122, 125, 125, and 126.) This matter is now ripe for review.

    **I.**    **Background**

Plaintiffs' Amended Complaint asserts two claims for relief; only Count I is at issue and that claim alleges that DSW violated the TCPA by sending spam text

1

messages in July and August of 2019.

Relevant to Count I, the TCPA prohibits telephone calls made using an automatic dialing system or prerecorded voice. 47 U.S.C. § 227(b)(1)(A)(iii). Plaintiffs assert that Defendant DSW sent them text messages through the use of a random or sequential number generator and these communications were made *en masse* without Plaintiffs' prior consent. (ECF No. 22, ¶¶ 84, 85.) Plaintiffs' alleged injuries include invasion of privacy, costs associated with receiving spam text messages, reduced phone storage due to the text messages, decreased battery power, and slower cellular service. (ECF No. 22 ¶¶ 4, 26, 27, 68, 69).

## II. ANALYSIS

DSW moves to dismiss Count I for lack of subject matter jurisdiction relying on the recent Supreme Court decision in *Barr v. Am. Ass'n of Political Consultants*, __ U.S. __, 140 S.Ct. 2335 (2020) ("the *AAPC* decision") to argue that the TCPA was unconstitutional from 2015 through July 2020 because it imposed an impermissible content-based restriction on speech. (ECF No. 95, PageID 999.) Plaintiffs oppose dismissal, arguing that the *AAPC* decision left the portion of the TCPA relevant to this action intact and enforceable. (ECF No. 100). Alternatively, Plaintiffs move for leave to amend their complaint in the event that the Motion to Dismiss is granted. *Id.*

In 2015, Congress amended the TCPA's restriction on robocalls to carve out an exception to allow calls "made solely to collect a debt owed to or guaranteed by the United States." *AAPC*, 140 S.Ct. at 2341. Four political organizations wanting to

make robocalls to cell phones subsequently sued, arguing the government-debt exception rendered the prohibition a content-based restriction on speech in violation of the First Amendment. *Id.* at 2345. In a fractured decision, the Supreme Court held that (1) the government-debt exception violated the First Amendment, but (2) the exception was severable from the remainder of the statute. *See generally, id.*

DSW contends that under *AAPC*, the robocall restriction is unconstitutional retrospectively for the years between 2015 (when the government exception was added to the TCPA) and July 2020 (after *AAPC* was decided) because the government debt exception violated the First Amendment and equal protection principles. (ECF No. 95, PageID 1001.) Because the text messages at issue in this case were sent in the summer of 2019, DSW claims the Court lacks subject matter jurisdiction over Count I.

Since the *AAPC* decision was issued less than a year ago, district courts have split on the application of *AAPC* to TCPA claims arising between 2015-2020. Two courts have adopted DSW's argument that the severability of the government debt exception is not retroactive so the entire statutory restriction was invalid during the time that the amendment was in effect.[1] *Lindenbaum v. Realgy, LLC*, 497 F.Supp.3d 290 (N.D. Ohio 2020), *appeal filed*, No. 20-4252 (6th Cir. 2020); *Creasy v.*

---

[1] A third court, the Middle District of Florida, initially concluded the same in *Hussain v. Sullivan Buick-Cadillac-GMC Truck, Inc.*, No. 5:20-cv-38-Oc-30PRL, 2020 U.S. Dist. LEXIS 236577, at *8 (M.D. Fla. 2020), but a few months later, Judge Moody departed from his earlier opinion, noting that "since the Court's Order in *Hussain*, every court faced with this same issue has concluded that a plaintiff may continue to bring § 227(b) claims post-AAPC." *Boisvert v. Carnival Corp.*, No. 8:20-CV-2076-30SPF, 2021 WL 1329079, * 2 (M.D. Fla. 2021).

3

*Charter Commc'ns, Inc.*, 489 F. Supp. 3d 499, 508 (E.D. La. 2020). On the other hand, the better jurisprudence in this Court's opinion is the conclusion reached by all other courts to consider the issue – that the other, constitutional restrictions contained in the TCPA continue to be enforceable for the time period of 2015 to 2020. *Less v. Quest Diagnostics, Inc.*, __ F.Supp.3d __, No. 3:20 CV 2546, 2021 WL 266548 (N.D. Ohio Jan. 26, 2021); *Moody v. Synchrony Bank*, No. 5:20-CV-61 (MTT), 2021 WL 1153036 (M.D. Ga. Mar. 26, 2021); *Abramson v. Federal Insurance Co.*, Case No. 8:19-cv-02523-TPB-AAS, 2020 WL 7318953, at *2 (M.D. Fla. Dec. 11, 2020); *Buchanan v. Sullivan,* No. 8:20-CV-301, 2020 WL 6381563, at *3 (D. Neb. Oct. 30, 2020); *Schmidt v. AmerAssist A/R Sols. Inc.*, No. CV-20-00230-PHX-DWL, 2020 WL 6135181, at *4 n.2 (D. Ariz. Oct. 19, 2020); *Komaiko v. Baker Techs., Inc.*, No. 19-cv-03795-DMR, 2020 WL 5104041, at *2 (N.D. Cal. Aug. 11, 2020); *Burton v. Fundmerica, Inc.*, No. 8:19-CV-119, 2020 WL 4504303, at *1 n.2 (D. Neb. Aug. 5, 2020).

The general rule is that "an unconstitutional statutory amendment 'is a nullity' and 'void' when enacted, and for that reason has no effect on the original statute." *AAPC*, 140 S.Ct. at 2353 (quoting *Frost v. Corp. Comm'n of Okla.*, 278 U.S. 515, 526-27, 49 S.Ct.235, 73 L.Ed. 483 (1929)). The original statute at issue here, 47 U.S.C. § 227(b)(a)(A)(iii), had no constitutional defects prior to the 2015 amendment. So when the *AACP* Court concluded that it could sever the government debt exemption from the rest of § 227(b), that amendment was void at its inception in 2015 and had no effect on the pre-2015 text of the statute. In other words, the effect is as if the

4

amendment had never happened and the pre-2015 statute's enforceability is unaffected by the amendment.

## III. CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss Count I of the Amended Complaint (ECF No. 95) is **DENIED**. Plaintiffs' alternative request for leave to file an amended complaint (ECF No. 100-1) is **MOOT**.

**IT IS SO ORDERED**.

    /s/ Sarah D. Morrison
SARAH D. MORRISON
UNITED STATES DISTRICT JUDGE