UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Eric LaGuardia, *et al.*,

        Plaintiffs,    :    Case No. 2:20-cv-2311

- vs -                      Judge Sarah D. Morrison
                             Magistrate Judge Preston Deavers

Designer Brands Inc., *et al.*,

                                         :

        Defendants.

**OPINION & ORDER**

After several dispositive motion rulings, only Plaintiffs Eric LaGuardia's and Nicole Austin's Count II claims for violations of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c) remain.[1] (ECF No. 22, ¶ ¶ 88-91.) Defendants Designer Brands, Inc. and DSW Shoe Warehouse, Inc. now ask the Court to reconsider the portion of its September 9, 2021 Order ("Order," ECF No. 140) denying their motion for summary judgment on that claim. (ECF No. 141.) Plaintiffs oppose (ECF No. 143), and Defendants have replied (ECF No. 147).

---

[1] Plaintiffs argue the Amended Complaint also raises a claim under 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d), which prohibit an entity from telemarketing without implementing adequate procedures to prevent solicitation of persons who request that the entity not solicit them. (ECF No. 143, PageID 1841-42.) But their pleading complains only that they received multiple text messages despite being on the national do-not-call registry ("NDNCR") and makes no reference to any alleged failure of Defendants to maintain an internal do-not call list ("IDNCL"). (ECF No. 22.)

1

Motions for Reconsideration are only warranted when there is: (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice. *Pegg v. Davis*, No. 2:09-908, 2009 WL 5194436, at *1 (S.D. Ohio 2009) (Marbley, J.). They are not intended to relitigate issues previously considered by the Court or to present evidence that could have been raised earlier. *Id*. Defendants argue reconsideration is necessary here under the third ground.

Count II alleges that Defendants violated 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c) by making telephone solicitations to Plaintiffs even though they are registered on the NDNCR. Defendants' summary judgment filings argued that they had an Established Business Relationship ("EBR") under 47 U.S.C. § 227(a)(4) with Plaintiffs so they are not be liable for violating the NDNCR prohibition. (No. 117.) The Order held Defendants' failure to establish their maintenance of an IDNCL pursuant to 47 C.F.R. § 64.1200(d) prevented them from using the alleged existence of EBRs with Plaintiffs as an affirmative defense to Count II. (No. 140, PageID 1804, 1824.) Based on that conclusion, the Court denied Defendants' motion for summary judgment on that count. (No. 140.)

Defendants offer two arguments why that holding was a clear error. First, Defendants argue that the Order concluded that they had EBRs with Plaintiffs such that the maintenance of an IDNCL is irrelevant. (Nos. 141, 143.) Second, Defendants argue the Court erred as a matter of law because the maintenance of an IDNCL is irrelevant to a claim of a violation of the NDNCR.

2

As to their former argument, Defendants are mistaken. While the Court did recognize in the Order that that the Defendants had established an EBR with Plaintiffs at some point, it expressly declined to address whether the Plaintiffs' "stop" texts were sufficient to terminate those EBRs because it concluded it did not need to address the issue at that time.

As to Defendants' latter argument, upon review, the Court conflated the requirements of two distinct sections of the Code of Federal Regulations. In fact, 42 U.S.C. § 227(c) creates separate private rights of action for violations of 47 C.F.R. § 64.1200(c) and 47 C.F.R. § 64.1200(d). *See Hand v. Beach Entm't Kc*, 456 F. Supp. 3d 1099, 1124-26 (W.D. Mo. 2020) (discussing both claims). Count II alleges violations of 47 C.F.R. § 64.1200(c), which prohibits telephone solicitations to "[a] residential telephone subscriber who has registered his or telephone number on the [NDNCR]." On the other hand, 47 C.F.R. § 64.1200(d) requires any person who initiates calls for "telemarketing purposes" to institute and maintain internal do-not call procedures. Under § 64.1200(c), an entity can solicit someone on the NDNCR if the seller has an EBR with the recipient; so the existence of an EBR is an affirmative defense to these claims. 47 C.F.R. § 64.1200(f)(5); *Hand*, 456 F. Supp. 3d at 1122; *Cordoba v. DIRECTV, LLC*, 320 F.R.D. 582, 591 (N.D. Ga. 2017) (rev'd on other grounds) (affirmative defense). The IDNCL requirement is found only in § 64.1200(d) and that section does not contain an EBR exception. *Hand*, 456 F. Supp. 3d at 1125-26; 47 C.F.R. § 64.1200(f)(5)(i); *Krakauer v. Dish Network L.L.C.*, 311 F.R.D. 384, 400 n. 1 (M.D.N.C. 2015).

Accordingly, the Court erred by requiring Defendants demonstrate that they had adequate IDNCL procedures in place as a prerequisite to establishing an EBR with Plaintiffs for Count II.

This conclusion necessitates examination of whether Defendants have established by clear and convincing evidence (1) that they had EBRs with Plaintiffs and, if so, (2) that Plaintiffs had not terminated those EBRs. *Krakauer*, 311 F.R.D. at 397 (Defendants have burden of proof); *Hand*, 456 F. Supp. 3d at 1123 (termination) (citing 47 C.F.R. § 64.1200(f)(5)(i)); *Charvat v. Southard Corp.*, No. 2:18-cv-190, 2019 U.S. Dist. LEXIS 241404, at *7-8 (S.D. Ohio Sep. 30, 2019) (Marbley, C.J.) (clear and convincing). An EBR is created by:

> a prior or existing relationship formed by a voluntary two-way communication between a person or entity and a residential subscriber with or without an exchange of consideration, on the basis of the subscriber's purchase or transaction with the entity within the eighteen (18) months immediately preceding the date of the telephone call or on the basis of the subscriber's inquiry or application regarding products or services offered by the entity within the three months immediately preceding the date of the call, which relationship has not been previously terminated by either party.

*Id.*

In this case, Plaintiffs provided DSW with their phone numbers when they enrolled in DSW's optional VIP Rewards Program. (ECF No. 117-1, ¶ 4.) They made purchases at DSW within the eighteen-months prior to the last text DSW sent to each of them. (ECF No. 117-1, ¶ ¶ 12, 13, Exs. A-B.) Plaintiffs dispute neither of these facts; thus, they had EBRs with Defendants.

However, a text recipient's "seller-specific do-not-call request . . . terminates an established business relationship for purposes of telemarketing and telephone solicitation even if the subscriber continues to do business with the seller." 47 C.F.R. § 64.1200(f)(5)(i). Thus, to succeed on their motion for summary judgment, Defendants must prove that Plaintiffs had not terminated the EBRs.

To terminate an EBR, a person must "clearly express[ ] a desire not to receive further messages." *Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1048 (9th Cir. 2017) (applying In re Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991, 30 F.C.C. Rcd. 7961, 7997 at ¶ 67) (July 10, 2015)). Here, DSW's text solicitations to Plaintiffs stated "Reply . . . STOP to end." (Nos. 128-2, 128-3.) Plaintiffs then replied with a text message reading "STOP" to Defendants' solicitations. (ECF No. 128, PageID 1464-65; ECF No. 128-2, ¶ 3; ECF No. 128-3, ¶ ¶ 4-7.) Defendants do not claim that Plaintiffs' "STOP" texts were not received. Nor could they, because Defendants replied to Plaintiffs' "STOP" responses with "[y]ou've been unsubscribed . . . ."  (ECF No. 128-2, ¶ 3; ECF No. 128-3, ¶ ¶ 4-6.) But Defendants' text solicitations to Plaintiffs continued.

Viewing the evidence in the light most favorable to Plaintiffs, their "STOP" text messages expressed their desire to terminate their EBRs and not receive further solicitations from Defendants. *Hand*, 456 F. Supp. at 1123 (holding "STOP" texts sufficiently terminated an EBR under § 227(c)). Because Defendants failed to establish by clear and convincing evidence that their EBRs with Plaintiffs were still

5

in effect at the time of the alleged solicitation, Defendants' motion for judgment on Count II of the Amended Complaint remains **DENIED**.

In sum, Defendants' Motion for Reconsideration is **GRANTED** in part and **DENIED in part**. (ECF No. 141.) Count II of Plaintiffs' Amended Complaint remains pending.

**IT IS SO ORDERED**.

s/Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**