IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ERIC LAGUARDIA,** *et al.*,

    **Plaintiffs,**

  v.                                       **Case No. 2:20-cv-2311**
                                            **Judge Sarah D. Morrison**
                                            **Magistrate Judge Elizabeth P. Deavers**

**DESIGNER BRANDS, INC.,** *et al.*,

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court in consideration of Plaintiff Nicole Austin's Motion to Compel Defendants to Produce Witness on Category 4 of the 30(b)(6) Deposition and for Continuance of the Discovery Cutoff Date. (ECF No. 183.) Defendants filed a Response in Opposition to the Motion to Compel (ECF No. 187), and Plaintiff filed a Reply in Support. (ECF No. 188.) As a preliminary matter, the Court issued an Order granting the Motion in part, extending the discovery deadline to July 15, 2022. (ECF No. 184.) For the reasons that follow, Plaintiff's Motion to Compel is **GRANTED**.

**I.**

Plaintiffs Eric LaGuardia, Sophia Wingate, Lindsay Rucker, and Nicole R. Austin brought this class action suit against Defendants Designer Brands, Inc. and DSW Shoe Warehouse, Inc. pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. (Amended Complaint ¶¶ 1–6, ECF No. 22.)[1]  Plaintiffs LaGuardia and Austin assert Count

---

[1] Defendants filed a Motion for Summary Judgment (ECF No. 117), which the Court granted in part and denied in part. (ECF No. 140.) Plaintiffs' claims under Count I were dismissed, but the allegations in Count II remain pending. (*See* ECF No. 161 at PAGEID # 1900) ("Defendants' motion for judgment on Count II of the Amended Complaint remains **DENIED**.").)

II as a sub-class—the "Do Not Call Registry Class"—against Defendants pursuant to 47 U.S.C. § 227(c).  (*Id.* ¶¶ 88–91.)  Plaintiffs allege that Defendants "made thousands of unauthorized and illegal commercial text calls . . . to wireless telephone numbers belonging to the Class."  (*Id.* ¶ 89.)  Further, Plaintiffs contend that "[m]any of those class members . . . had been previously registered on the National 'Do Not Call' Registry" and the class members were "registered on that list when they received DSW's wireless spam."  (*Id.* ¶¶ 89–90.)

On April 29, 2022, Plaintiffs noticed Defendants for a deposition under Federal Rule of Civil Procedure 30(b)(6), requesting Defendants to "designate one or more employees to testify on their behalf concerning the deposition topics outlined in the deposition notice and its attachment, Schedule A."  (ECF No. 183-1 at PAGEID # 2156.)  Defendants produced one witness for the 30(b)(6) deposition, Nick Hughes, to testify "subject to the objections that were served on May 13, 2022, in response to the notice."  (*Id.* at PAGEID # 2157.)  Defendants' witness did not testify on Category 4 of the deposition notice, which requested information about "[t]he total number of Text Messages transmitted, the telephone numbers to which the Text Messages were transmitted, the names of the recipients of the Text Messages, and the dates on which the Text Messages were transmitted."  (*Id.* at PAGEID # 2164) (Exhibit 1 Notice of Deposition).  After the deposition, the Parties met and conferred multiple times regarding the requested information, through telephone, email, and in-person meetings.  (*Id.* at PAGEID ## 2157–58.)

With the Parties unable to compromise, Plaintiff Austin has moved for this Court to compel Defendants to produce a witness for a 30(b)(6) deposition regarding Category 4 of the deposition notice, or in the alternative, to compel Defendants to provide a declaration on the same subject matter.  (ECF No. 183.)  Plaintiff also seeks recovery of costs associated with filing

2

the subject Motion, including reasonable attorney fees, pursuant to Federal Rule of Civil Procedure 37(a)(5). (*Id.*) Defendants have opposed Plaintiff's Motion (ECF No. 187), and Plaintiff has filed a Reply in support of her request. (ECF No. 188.) This matter is now ripe for consideration.

## II.

Plaintiff moves to compel discovery pursuant to Federal Rules of Civil Procedure 26, 30(b)(6), and 37. (ECF No. 183.) "District courts have broad discretion over docket control and the discovery process." *Pittman v. Experian Info. Sol., Inc.*, 901 F.3d 619, 642 (6th Cir. 2018) (citations omitted). "It is well established that the scope of discovery is within the sound discretion of the trial court." *Id.* (quoting *Lavado v. Keohane*, 992 F.2d 601, 604 (6th Cir. 1993)). "The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad." *Loyd v. Saint Joseph Mercy Oakland*, 766 F.3d 580, 593 (6th Cir. 2014) (quoting *Lewis v. ACB Bus. Serv., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998)). Federal Rule of Civil Procedure 26(b) identifies the acceptable scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1); *see also* Fed. R. Civ. P. 34(a) ("A party may serve on any other party a request within the scope of Rule 26(b)[.]"). In short, "a plaintiff should have access to information necessary to establish her claim, but [] a plaintiff may not be permitted to 'go fishing'; the trial court retains discretion." *Anwar v. Dow Chem. Co.*, 876 F.3d 841, 854 (6th Cir. 2017) (quoting *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007)); *see also Superior Prod. P'ship v. Gordon Auto Body Parts Co., Ltd.*, 784 F.3d 311, 320–

3

21 (6th Cir. 2015) (quoting *Surles ex rel. Johnson*, 474 F.3d at 305) ("In sum, '[a]lthough a plaintiff should not be denied access to information necessary to establish her claim, neither may a plaintiff be permitted to "go fishing" and a trial court retains discretion to determine that a discovery request is too broad and oppressive.'").

"[T]he movant bears the initial burden of showing that the information is sought is relevant." *Prado v. Thomas*, No. 3:16-cv-306, 2017 WL 5151377, at *3 (S.D. Ohio Oct. 19, 2017) (citing *Gruenbaum v. Werner*, 270 F.R.D. 298, 302 (S.D. Ohio 2010)). If the movant makes this showing, "then the burden shifts to the non-movant to show that to produce the information would be unduly burdensome." *Id*. (citing *O'Malley v. NaphCare, Inc*., 311 F.R.D. 461, 463 (S.D. Ohio 2015)); *see also* Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment (stating that a party claiming undue burden or expense "ordinarily has far better information—perhaps the only information—with respect to that part of the determination" and that a "party claiming that a request is important to resolve the issues should be able to explain the ways in which the underlying information bears on the issues as that party understands them").

A party is permitted to file a motion for an order compelling discovery if another party fails to respond to discovery requests. Fed. R. Civ. P. 37(a)(1). The party moving to compel discovery responses must certify that it "has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." *Id.* The Court finds that this prerequisite has been met in the present case. (ECF No. 183-1 at PAGEID ## 2157–58; ECF No. 187-1 at PAGEID # 2255.)

Under Federal Rule of Civil Procedure 37(a)(5), if a motion to compel is granted, or if the requested discovery is provided after the motion was filed, then "the court must, after giving an

opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5).

### III.

Based on Defendants' Objections to Category 4 of the Deposition Notice, Plaintiff asserts that each objection was improper. (ECF No. 183 at PAGEID # 2150) ("Defendants raised the following five objections in its deposition notice: 1. Relevance, 2. Attorney-client privilege, 3. Attorney work product doctrine, 4. Discovery of putative 'class list' is improper, and 5. Defendants are not contesting that numerosity is present."). Plaintiff alleges that the information sought is relevant, is not a putative "class list," and is not "unduly burdensome" for Defendants to provide. (*Id.* at PAGEID ## 2150–52) (noting "[w]hile the objections of Attorney-client privilege and work product were raised in the deposition notice, they were not specifically cited during the deposition, nor have Defendants provided any evidence that supports such objections."). Regarding relevance, Plaintiff contends that the "information is highly relevant to Plaintiffs' claims, in particular to its motion for class certification—even if Defendants are not contesting the 'numerosity' element like they claim." (*Id.* at PAGEID # 2150.)

More specifically, Plaintiff alleges that the information sought could help establish the other elements for class certification, including superiority and whether the class is ascertainable. (*Id.* at PAGEID ## 2150–51) ("Plaintiffs are entitled to something more than an admission the number of class members is 'numerous.'"). Plaintiff further asserts that they "should not have to guess what grounds for opposing class certification Defendants will make." (*Id.* at PAGEID # 2151). Plaintiff notes that "[w]hile some of the deponents' [sic] testimony could be construed as an admission the class is ascertainable, . . . defense counsel McTigue first stated Defendants

5

would stipulate that the class was ascertainable and then changed his mind and stated no such concession would be made." (*Id.* (citing Exhibit 3 Deposition of Nick Hughes at 35:9-18; 36:4-25; 39:14-18) (ECF No. 183-1 at PAGEID ## 2194–95, 2198).) Pursuant to Rule 37(a)(5), Plaintiff also seeks costs associated with filing the present Motion, including reasonable attorney fees. (*Id.* at PAGEID # 2152.)

In their Response, Defendants set forth two reasons why the Court should deny Plaintiff's Motion to Compel. (ECF No. 187 at PAGEID # 2242.) First, Defendants contend that the Motion is "untimely because Plaintiff Austin was required to meet and confer and raise any issues with DSW's Objections prior to the deposition (which she failed to do)." (*Id.*) Second, Defendants assert that the information sought is irrelevant, noting that "even if the Motion were otherwise timely, the discovery that Plaintiff Austin seeks to compel is not necessary because DSW will not be challenging numerosity in connection with any motion for class certification." (*Id.*)

The Court recognizes that, in a footnote, Defendants allege that the Motion should be "denied because it was filed without Plaintiff first requesting an informal Court conference as required by this Court's Preliminary Pretrial Order (*see* ECF No. 97 [at PAGEID # 1025]) and without the signature of Plaintiffs' 'Trial Attorney,' as required by the Court's Local Rules (*see* Local Rule 83.4(a))." (ECF No. 187 at PAGEID # 2233.) The Court cautions Plaintiffs to adhere to the Local Rules and designate a Trial Attorney for future filings, as Plaintiff Austin acknowledges in her Reply. (ECF No. 188 at PAGEID # 2340.) Defendants' assertions, however, do not alleviate them of the responsibility to engage in the discovery process. Accordingly, the Court addresses the present Motion through analyzing Defendants' assertions

6

detailed in the Argument section of their Response, rather than dismissing Plaintiff's concerns based on technicalities. (ECF No. 187 at PAGEID ## 2242–47.)

In her Reply, Plaintiff counters that she was not required to file a Motion to Compel before conducting the deposition, noting "[t]here is nothing in the Rules of Civil Procedure that requires a premature motion." (ECF No. 188 at PAGEID # 2339.) Replying to Defendants' only "substantive objection" that "Plaintiffs do not **need** this information to prepare their motion for class certification," Plaintiff asserts that the information is "routine class action discovery." (*Id.* at PAGEID ## 2341–42.) Further, Plaintiff contends that "Defendants' arguments presuppose Defendants will not contest the motion for class certification by taking advantage of the fact that Plaintiff does not have the requested information." (*Id.* at PAGEID # 2341) ("All we know is that defendants do not want to disclose how many text messages were sent to how many persons and to whom they were sent in the relevant time frame."); (*see also id.* at PAGEID # 2343) ("It is much more likely Defendants will use the absence of information that is the subject of this motion to compel to try to defeat class certification on the grounds of lack of ascertainability, typicality, commonality, etc.").

Plaintiff's arguments are well taken. Although Defendants contend that the information is irrelevant because they will not challenge numerosity, the Court disagrees. Plaintiff has fulfilled her burden to show the information sought is relevant to prove other required elements for class certification, and Defendants fail to assert that such a request is unduly burdensome. *See Prado*, 2017 WL 5151377, at *3 (holding that "the movant bears the initial burden of showing that the information [] sought is relevant" and if the movant "makes such a showing, then the burden shifts to the non-movant to show that to produce the information would be unduly burdensome") (internal citations omitted). Defendants' Rule 30(b)(6) witness

7

acknowledged he could answer the request if given time to prepare. (ECF No. 183 at PAGEID ## 2146–47.) Further, Plaintiff has limited the scope of discovery to a specific time frame after learning about a software glitch in Defendants' system that was "present roughly between August 2018 and September 2019." (*Id.* at PAGEID # 2146) ("Based on this new information, Plaintiff's counsel decided to focus on that time frame rather than the broader class period defined in the deposition notice."); *see also* Fed. R. Civ. P. 26(b)(1) (providing the acceptable scope of discovery); *Anwar*, 876 F.3d at 854 (noting that a "plaintiff should have access to information necessary to establish her claim, but that a plaintiff may not be permitted to 'go fishing'") (internal citation omitted).

Despite Defendants' contention that Plaintiff should have met and conferred regarding any objections *before* conducting the deposition, the Court finds that this Motion to Compel was timely filed. As required by Rule 37(a)(1) and this Court's Local Rule 37.1, Plaintiff has certified that she attempted to meet and confer with Defendants in good faith to resolve their differences related to the information sought in the 30(b)(6) deposition. (ECF No. 183-1 at PAGEID ## 2157–58.) Plaintiff sufficiently exhausted extrajudicial means to resolve this discovery dispute before filing the present motion. Accordingly, Plaintiff's Motion to Compel is **GRANTED**.

### IV.

For the foregoing reasons, Plaintiff's Motion to Compel Defendants to Produce a Witness on Category 4 of the 30(b)(6) Deposition (ECF No. 183) is hereby **GRANTED**. Defendants are **ORDERED** to produce a witness for a 30(b)(6) deposition to testify regarding the information outlined in Category 4 or to provide a declaration representing "an estimate of the number of distinct phone numbers that received more than one marketing text message after the owner

typed stop and Defendants sent confirmation of receipt of stop request" within **thirty (30) days** of this Order.

Having granted Plaintiff's Motion to Compel, the Court also finds that (i) Plaintiff attempted in good faith to obtain the discovery without court action; (ii) Defendants' nondisclosure is not substantially justified; and (iii) there are no circumstances present which would make an award of expenses unjust. Accordingly, the Court **ORDERS** that Defendants shall pay Plaintiff's reasonable expenses incurred in making the subject Motion, including attorneys' fees. Plaintiff is **DIRECTED** to submit a summary of all expenses related to the subject Motion within **twenty-one (21) days** of this Order. Defendants shall then have **fourteen (14) days** to submit objections to the submitted expenses.

**IT IS SO ORDERED.**

**Date: September 7, 2022**  /s/ *Elizabeth A. Preston Deavers*
**ELIZABETH A. PRESTON DEAVERS**
**UNITED STATES MAGISTRATE JUDGE**