IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ERIC LAGUARDIA, *et al.*,

    Plaintiffs,

v.                                            Civil Action 2:20-cv- 2311
                                                       Judge Sarah D. Morrison
                                                       Magistrate Judge Elizabeth P. Deavers

DESIGNER BRANDS, INC., *et al.*,

    Defendants.

## ORDER

This matter is before the Court for consideration of Defendants Designer Brand Inc.'s and DSW Shoe Warehouse, Inc.'s Motion for Leave to File Motion to Strike Under Seal. (ECF No. 230.) Defendants Designer Brands Inc. and DSW Shoe Warehouse, Inc. ("Defendants") seek leave to file under seal a motion to strike certain "inadmissible, confidential, and protected statements" contained in Plaintiffs' Reply to Opposition to Motion for Class Certification, ECF No. 227, but provide no other information or justification in the Motion for their request to seal. (*Id.*)

It is well established that "[e]very court has supervisory power over its own records and files." *Nixon v. Warner Commc'ns,* 435 U.S. 589, 598 (1978). A court's discretion to seal records from public inspection, however, is limited by "the presumptive right of the public to inspect and copy judicial documents and files[,]" which the United States Court of Appeals for the Sixth Circuit as described as a "long-established legal tradition." *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 473–74 (6th Cir. 1983); *see also Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1178–80 (6th Cir. 1983) (discussing the justifications for the "strong presumption in favor of openness"). Therefore, "[o]nly the most compelling reasons can justify non-disclosure of judicial records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*,

825 F.3d 299, 305 (6th Cir. 2016) (internal quotation marks and citation omitted).  The Sixth Circuit has indicated that exceptions fall into two categories: (1) exceptions "based on the need to keep order and dignity in the courtroom"; and (2) "content-based exemptions," which "include certain privacy rights of participants or third parties, trade secrets, and national security." *Brown & Williamson Tobacco Corp.*, 710 F.2d at 1179 (citations omitted).

In addition, the Sixth Circuit has recently emphasized the public's "strong interest in obtaining the information contained in the Court record." *Shane Grp., Inc.*, 825 F.3d at 305 (internal quotation marks and citation omitted); *see also In re Nat'l Prescription Opiate Litig.*, Nos. 18-3839, 18-3860, 2019 WL 2529050, at *13 (6th Cir. June 20, 2019) ("'[T]he greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access.'") (quoting *Shane Grp., Inc.*, 825 F.3d at 305).  Accordingly, district courts must consider "each pleading [to be] filed under seal or with redactions and to make a specific determination as to the necessity of nondisclosure in each instance" and must "bear in mind that the party seeking to file under seal must provide a 'compelling reason' to do so and demonstrate that the seal is 'narrowly tailored to serve that reason.'" *In re Nat'l Prescription Opiate Litig.*, 2019 WL 2529050, at *14 (quoting *Shane Grp.*, 825 F.3d at 305).  If a district court "permits a pleading to be filed under seal or with redactions, it shall be incumbent upon the court to adequately explain 'why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary.'" *Id.* (quoting *Shane Grp., Inc.*, 825 F.3d at 306).

In the instant case, Defendants have not identified or described the "inadmissible, confidential, and protected statements" which they seek to strike, nor have they set forth any substantive reason why their forthcoming motion to strike should be sealed.  (ECF No. 230.)

Rather, they simply submit that they "wish[] to avoid this restatement of inadmissible, confidential, and protected statements on the public record." (*Id.*) The Court is therefore unable to determine from the present record the compelling reason for sealing the motion and why a total seal of the motion is no broader than necessary. Moreover, while parties to litigation may maintain certain materials in confidence, the actual filing of documents—which implicates the interest of the public in unencumbered access to court proceedings—should not routinely be made under seal. *Shane Group, Inc.*, 825 F.3d at 305; *Proctor & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996); *Brown & Williamson Tobacco Corp.*, 710 F.2d at 1178–80.

Accordingly, Defendants Designer Brand Inc.'s and DSW Shoe Warehouse, Inc.'s Motion for Leave to File Motion to Strike Under Seal (ECF No. 230) is **DENIED WITHOUT PREJUDICE**. Defendants are **ADVISED** that any forthcoming motion to seal any filing shall be sufficiently specific to permit the Court to make the required determinations previously described. *See In re Nat'l Prescription Opiate Litig.*, 2019 WL 2529050, at *13–14; *Shane Grp., Inc.*, 825 F.3d at 305–06.

    **IT IS SO ORDERED.**

**Date: May 17, 2023**              */s/ Elizabeth A. Preston Deavers*
                                                           **ELIZABETH A. PRESTON DEAVERS**
                                                           **UNITED STATES MAGISTRATE JUDGE**