UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ERIC LAGUARDIA, *et al.*,

      Plaintiffs,    :

    v.                       Case No. 2:20-cv-2311
                           Chief Judge Sarah D. Morrison
                           Magistrate Judge Elizabeth A.
                           Preston Deavers

DESIGNER BRANDS, INC., *et al.*,    :

      Defendants.

## OPINION AND ORDER

This matter is before the Court on Plaintiffs' Unopposed Motion for Attorneys' Fees, Expenses, and Class Representative Service Awards (ECF No. 281). For the reasons below, the Motion is **GRANTED in part** and **DENIED in part**.

### I. SERVICE AWARDS

Plaintiffs first request Service Awards in the amount of $10,000 to each of the two Settlement Class Representatives. The Settlement Class Representatives adequately represented the Class's interests in this matter by staying informed throughout the litigation, responding to discovery, and thoroughly reviewing and approving the terms of the Settlement. The requested Service Awards are reasonable. Accordingly, the Court **APPROVES** the Service Awards of $10,000 to each Settlement Class Representative.

## II. COSTS AND EXPENSES

Plaintiffs next request reimbursement of their attorneys' costs and expenses in the amount of $27,922.72. The Court **APPROVES** the request for costs and expenses.

## III. ATTORNEYS' FEES

Finally, Plaintiffs request attorneys' fees in the amount of 25% of the maximum Settlement Amount, or $1,107,295. For the reasons below, the Court **DENIES** the request and **AWARDS** fees representing 20% of the maximum Settlement Amount.

"When awarding attorney's fees in a class action, a court must make sure that counsel is fairly compensated for the amount of work done as well as for the results achieved." *Gascho v. Global Fitness Holdings, LLC*, 822 F.3d 269, 279 (6th Cir. 2016) (quoting *Rawlings v. Prudential-Bache Props., Inc.*, 9 F.3d 513, 516 (6th Cir. 1993)). Attorneys' fees are generally calculated using either the lodestar method or the percentage-of-the-fund method. A district court has discretion to select the more appropriate method for calculating attorneys' fees depending on the facts of the case before it. *Rawlings*, 9 F.3d at 516. "The lodestar method better accounts for the amount of work done, whereas the percentage of the fund method more accurately reflects the results achieved." *Gascho*, 822 F.3d at 279 (internal quotations and citation omitted). In this case, the Court adopts the percentage-of-the-fund method, both because it is used in Plaintiffs' Motion and because it is customarily used in common-fund cases.

After selecting the appropriate method for calculating fees, courts often use six factors to determine the propriety of the requested fees:

> (1) the value of the benefit rendered to the plaintiff class; (2) the value of the services on an hourly basis; (3) whether the services were undertaken on a contingent fee basis; (4) society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others; (5) the complexity of the litigation; and (6) the professional skill and standing of counsel involved on both sides.

*Moulton v. U.S. Steel Corp.*, 581 F.3d 344, 352 (6th Cir. 2009) (quotation omitted). While no single factor is dispositive, many courts consider the first factor to be the most important. *See Lonardo v. Travelers Indem. Co.*, 706 F. Supp. 2d 766, 795 (N.D. Ohio 2010).

### A. Benefit to the Class

The first factor requires the Court to evaluate the value of the benefit provided to the Settlement Class. The Settlement Agreement establishes a maximum amount that Defendants would pay to class members, but does not establish a traditional settlement fund. In other words, the "Settlement Amount" really functions as a not-to-exceed. (*See* Settlement Agreement, ECF No. 277-1, ¶ 44.) Plaintiffs request attorneys' fees representing 25% of this not-to-exceed amount.

The Settlement Amount was calculated by allotting $70 for every member of the putative class, not inclusive of expenses or administration costs:

63,274 class members x $70 = $4,429,180 Settlement Amount

The TCPA allows statutory damages of $500 per violation, or $1,500 per willful and knowing violation. 47 U.S.C. § 227(b)(3)(B). "A monetary recovery consisting of over

3

70% of class members' estimated damages has been recognized as substantial and certain benefit to class members; a recovery of approximately 50% of an average class member's damages has been recognized as a moderately good result." *Michel v. WM Healthcare Sols., Inc.*, No. 1:10-CV-638, 2014 WL 497031, at *15 (S.D. Ohio Feb. 7, 2014) (Dlott, J.) (internal quotations and citations omitted). Here, each Settlement Class Member who filed a Claim Form is entitled to $70, or 14% of her statutory damages. Given that the "amount available" to the Settlement Class exceeds $4 million, "there is room to provide a more substantial benefit to class members." *Id.*

This is especially true given that only 2,143 Settlement Class Members filed claims (a claim rate of 3.3%), meaning that only $150,010 will be distributed to Settlement Class Members. Settlement Class Counsel understood that similar class actions settlements "typically see[]" a 1–2% claim rate. (ECF No. 282, PAGEID # 4133.) But Counsel did not leverage the likelihood of a low claim rate to secure a higher benefit for those Settlement Class Members who submitted Claim Forms. Instead, Defendants' outlay is anchored by the expectedly low claim rate. (Meanwhile, Settlement Class Counsel's desired income is completely independent of the claim rate.)

While the Court recognizes that a class member benefits from the right to recovery, even if she does not exercise that right, *see Boeing Co. v. Van Gemert,* 444 U.S. 472, 480 (1980), the maximum monetary recovery here does not demonstrate a

4

substantial benefit to Settlement Class Members—claimed or not. This factor thus does not support the amount of fees requested.

### B. Value of Services on an Hourly Basis

The Court next looks to the value of the legal services rendered on an hourly basis, or a 'lodestar cross-check.' "To determine the lodestar figure, the court multiples the number of hours reasonably expended on the litigation by a reasonable hourly rate." *Gascho*, 822 F.3d at 279 (internal quotation and citation omitted). Reasonable hours do not include "hours that are excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). And the reasonable hourly rate should be determined according to "the prevailing market rate[s] in the relevant community." *Adcock-Ladd v. Secretary of Treasury*, 227 F.3d 343, 350 (6th Cir. 2000) (internal quotation and emphasis omitted). Courts may consider awards in analogous cases and their own knowledge and experience from handling similar requests for fees. *See Coulter v. State of Tenn.*, 805 F.2d 146, 149–50 (6th Cir. 1986); *Truex v. Drivers Direct, LLC*, 583 F. Supp. 3d 1033, 1036 (N.D. Ohio 2022). Because of its objectivity, "there is a strong presumption that the lodestar figure is reasonable." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554 (2010) (internal quotations omitted). Class Counsel bears the burden of establishing the reasonableness of their hours and rates. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Nevertheless, the Court has substantial discretion to determine the reasonableness of requested fees. *Id.* at 437.

### 1. Hours Reasonably Expended

Settlement Class Counsel provided a chart listing the hours worked by, and total amount owed to, four firms: Shamis Gentile, Lakeshore Law Center, Nicholas & Tomasevic, and The Spencer Law Firm. The firms assert that they spent 1,596.75 combined hours litigating the case. Based on the substantial docket, which includes extensive motion practice and multiple mediations, the Court assumes that the reported hours were reasonably expended.

### 2. Reasonable Hourly Rate

The chart also indicates that Shamis Gentile attorneys billed at an average hourly rate of $658; Lakeshore Law Center, at $792; Nicholas & Tomasevic, at $614; and The Spencer Law Firm, at $800. These rates are excessive.

Courts in this circuit routinely approve hourly rates of $600 for partners with decades of experience, and less for paralegals and attorneys with less experience. *See Davita Inc. v. Marietta Mem'l Hosp. Emp. Health Benefit Plan*, No. 2:18-CV-1739, 2024 WL 4783910, at *4 (S.D. Ohio Nov. 14, 2024) (Jolson, M.J.) (collecting cases). Settlement Class Counsel did not provide a breakdown of the professionals working on this case or their individualized hourly rates. In the absence of such information, but based on awards in analogous cases and the Court's own knowledge and experience, a $500 blended hourly rate across Settlement Class Counsel is reasonable. *See Kimble v. First Am. Home Warranty Corp.*, No. 23-10037, 2024 WL 3325705, at *8 (E.D. Mich. July 8, 2024) (finding that $500 was a reasonable blended hourly rate for experienced attorneys in a TCPA case).

6

Multiplying this hourly rate by the number of hours expended results in a lodestar of $798,375.

### C. Contingent Fee Basis

The Court next considers the economic terms of Settlement Class Counsel's representation in this matter. "This factor accounts for the substantial risk an attorney takes when he or she devotes substantial time and energy to a class action despite the fact that it will be uncompensated if the case does not settle and is dismissed." *Lonardo*, 706 F. Supp. 2d at 796. Settlement Class Counsel took this case on a contingent fee basis, weighing in favor of a meaningful fee award.

### D. Rewarding Attorneys Who Produce Valuable Benefits

"[P]rivate action has proven to be the most effective means of enforcing the TCPA against those who violate" it. *Michel*, 2014 WL 497031, at *16. The next factor allows courts to award attorneys' fees adequate to induce competent counsel to take up such actions. Nonetheless, the Court must be mindful of preventing a windfall to attorneys. *Johansen v. One Planet Ops, Inc.*, No. 2:16-CV-00121, 2020 WL 7062806, at *5 (S.D. Ohio Mar. 25, 2020) (Marbley, J.). Here, in view of the value of the award to the Settlement Class Members, the requested award would be a windfall.

### E. Complexity of the Litigation and Skill of Class Counsel

This case was reasonably complex, and Settlement Class Counsel demonstrated skill in representing the Settlement Class.

7

\*          \*          \*

In view of the above analysis, the Court finds that 20% of the maximum Settlement Amount, or $885,836, is a reasonable award of attorneys' fees award in this case.

## IV. CONCLUSION

For these reasons, Plaintiffs' Motion is **GRANTED in part** and **DENIED in part**. The Court **APPROVES** the Service Awards to Plaintiffs Eric LaGuardia and Nicole Austin in the total amount of $10,000 each. The Court also **APPROVES** an award to Settlement Class Counsel for costs and expenses in the amount of $27,922.72. Finally, the Court **APPROVES** an award to Settlement Class Counsel of $885,836 in attorneys' fees, representing 20% of the maximum Settlement Amount.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**