## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**ERIC LAGUARDIA**, *et al*.,

        **Plaintiffs,**       :

      **v.**

**DESIGNER BRANDS, INC.**, *et al*.,  :

        **Defendants.**

        **Case No. 2:20-cv-2311**
        **Chief Judge Sarah D. Morrison**
        **Magistrate Judge Elizabeth A.**
        **Preston Deavers**

## OPINION AND ORDER

This matter is before the Court on Plaintiffs' Unopposed Motion for Final Approval of Class Settlement (ECF No. 282). Following a July 31, 2025 hearing, the Motion for Final Approval of Class Settlement is **GRANTED**.

WHEREAS, a class action is pending in this Court entitled *Eric LaGuardia, et al. v. Designer Brands Inc., et al.*, Case No. 2:20-cv-02311-SDM-EPD;

WHEREAS, Plaintiffs Eric LaGuardia and Nicole Austin, individually and on behalf of all others similarly situated, and Defendants Designer Brands, Inc. and DSW Shoe Warehouse, Inc. have entered into a Settlement Agreement that settles the above-captioned litigation and provides for a complete dismissal with prejudice of the claims asserted against Defendants in the above-captioned action on the terms and conditions set forth in the Settlement Agreement, subject to the approval of this Court;

WHEREAS, unless otherwise defined in this Order, the capitalized terms herein shall have the same meaning as they have in the Settlement Agreement;

WHEREAS, by Order dated January 28, 2025, this Court: (a) preliminarily approved the Settlement; (b) certified the Settlement Class; (c) appointed Plaintiffs as Settlement Class Representatives; (d) appointed Settlement Class Counsel as counsel for the Settlement Class; (e) appointed Kroll Settlement Administration as Settlement Administrator; (f) ordered that notice of the proposed Settlement be provided to potential Settlement Class Members; (g) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the proposed Settlement; and (h) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, no Settlement Class Members submitted objections;

WHEREAS, two Settlement Class Members submitted Requests for Exclusion;

WHEREAS, the Court conducted a hearing on July 31, 2025, to consider, among other things, (a) any Objection(s) to the Settlement; (b) whether the terms and conditions of the Settlement were fair, reasonable, and adequate to the Settlement Class, and should therefore be approved; and (c) whether the Action should be dismissed with prejudice as against Defendants; and

WHEREFORE, the Court having reviewed and considered the Settlement Agreement, all papers filed and proceedings had herein connection with the

Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

1. <u>Jurisdiction</u>: This Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and the Settlement Class Members.

2. <u>Incorporation of Settlement Documents</u>: This Order incorporates and makes a part hereof the Settlement Agreement filed with the Court on November 27, 2024, along with the Notice documents attached thereto.

3. <u>Class Certification for Settlement Purposes</u>: The Court hereby affirms its determinations in the Preliminary Approval Order certifying, for the purposes of the Settlement only, the Action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the Settlement Class consisting of all persons in the United States who, between September 1, 2018, and September 1, 2024, 1) were sent a "marketing"[1] text message from Defendants, 2) thereafter responded with the word "stop" or the equivalent, and 3) thereafter received a marketing text message from Defendants. Excluded from the Settlement Class are: 1) the judges presiding over this Action; 2) Defendant, its subsidiaries, parent companies, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former officers and directors; 3) the Released Parties; 4) Settlement Class Members who submit a valid a Request for Exclusion prior to the Opt-Out Deadline; 5) Plaintiffs' Counsel and their employees

---

[1] "Marketing" means offering or advertising the commercial availability or quality of any property, goods, products, or services.

and Settlement Class Counsel and their employees; and 6) the immediate family members of any such persons.

4. <u>Adequacy of Representation</u>: Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby affirms its determinations in the Preliminary Approval Order certifying Plaintiffs as Settlement Class Representatives for the Settlement Class and appointing Settlement Class Counsel to serve as counsel for the Settlement Class. Plaintiffs and Settlement Class Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

5. <u>Notice</u>: The Court finds that the dissemination of the Notice: (a) was implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Action, (ii) the effect of the proposed Settlement (including the releases to be provided thereunder), (iii) Settlement Class Counsel's motion for a Fee Award and Costs, (iv) Settlement Class Representatives' motion for a Service Award Payment(s), (v) their right to object to any aspect of the Settlement, Settlement Class Counsels' motion for a Fee Award and Costs, and/or Settlement Class Representatives' motion for a Service Award Payment(s), (vi) their right to exclude themselves from the Settlement Class, and (vii) their right to

appear at the Final Approval Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and all other applicable law and rules.

6. <u>Final Settlement Approval</u>: Pursuant to, and in accordance with Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Settlement Agreement in all respects (including, without limitation: the amount of the Settlement Fund; the Releases provided for in the Settlement Agreement; and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable and adequate to the Settlement Class. The Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Settlement Agreement.

7. <u>Dismissal of Claims</u>: Upon the Effective Date, the Action shall be, and hereby is, dismissed with prejudice in its entirety as to the Released Parties, with each party to bear their own costs and attorneys' fees, except as provided in the Settlement Agreement, and all of the claims of the Settlement Class Members shall be, and hereby are, dismissed and released pursuant to the Settlement Agreement.

8. <u>Binding Effect</u>: The terms of the Settlement Agreement and this Order shall be forever binding on the Released Parties, Plaintiffs, and all other Settlement Class Members (regardless of whether or not any individual Settlement Class

Member submitted a Claim Form or seeks or obtains a distribution or benefits from the Net Settlement Fund), as well as their respective successors and assigns.

9. <u>Releases</u>: The releases set forth in the Settlement Agreement are expressly incorporated herein in all respects. The releases are effective as of the Effective Date. Accordingly, this Court orders that, upon the Effective Date, and in consideration of the Settlement benefits described in the Settlement Agreement, each Releasing Party shall be deemed to have released, acquitted, and forever discharged Defendants and each of the Released Parties from any and all Released Claims.

10. <u>Actions to Enforce</u>: Notwithstanding Paragraph 9 above, nothing in this Order shall bar any action by any of the Parties to enforce or effectuate the terms of the Settlement Agreement or this Order.

11. <u>Rule 11 Findings</u>: The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

12. <u>No Admissions</u>: This Order, the Settlement Agreement, and all papers related thereto, are not, and shall not be construed to be, an admission by the Defendants of any liability, claim or wrongdoing in this Action or in any other proceeding.

13. <u>Retention of Jurisdiction</u>: This Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation,

implementation and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) Settlement Class Counsel's motion for a Fee Award and Costs; (d) Settlement Class Representatives' motion for a Service Award Payment(s); and (e) the Settlement Class Members for all matters relating to the Action.

14. <u>Modification of the Agreement of Settlement</u>: Without further order of the Court, Plaintiffs and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

15. <u>Termination of Settlement</u>: If the Settlement is terminated as provided in the Settlement Agreement or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Settlement Agreement, and this Order shall be without prejudice to the rights of Plaintiffs, the other Settlement Class Members and Defendants, and the Parties shall revert to their respective positions in the Action as of the date of execution of the Settlement Agreement, as provided in the Settlement Agreement.

**IT IS HEREBY ORDERED THAT:**

1. The Settlement Agreement, including the appointment of Plaintiffs as Settlement Class Representatives, the appointment of Counsel for Plaintiffs as Settlement Class Counsel, the approval of Kroll Settlement Administration as the Settlement Administrator, and the provision of a $70 cash payment to each Settlement Class Member who submitted a valid and timely Claim Form, is fair, reasonable, and adequate.

2.     Under Federal Rule of Civil Procedure 23, the Court does hereby grant final approval and certify for settlement purposes, the following Class:

> All persons in the United States who, between September 1, 2018, and September 1, 2024, 1) were sent a "marketing"* text message from Defendants, 2) thereafter responded with the word "stop" or the equivalent, and 3) thereafter received a marketing text message from Defendants.
>
> *marketing means offering or advertising the commercial availability or quality of any property, goods, products, or services.

3.     The Court finds that the Class, for settlement purposes, satisfies all requirements under Rule 23 of the Federal Rules of Civil Procedure and due process and therefore class certification is appropriate because (1) the Class is so numerous that joinder of all class members is impracticable; (2) there are common questions of law and/or fact that are common to the Class; (3) the Class Representatives' claims are typical of the Class's claims; (4) the Class Representatives fairly and sufficiently protected the Class's interest; (5) common issues predominate; and (6) a class action is the superior method for the fair and efficient adjudication of this matter.

4.     Kroll, the Settlement Administrator, issued over 63,000 Text Message Notices and over 66,000 Email Notices to Settlement Class Members in this matter and will handle the distribution of Settlement benefits to Class Members. This Court approves Kroll's work as the Settlement Administrator in this case.

5.     This Court has reviewed the forms of the Notice provided to potential Class Members, including the written and electronic forms of Notice and the Settlement Website, and concludes that the Notice Program implemented by Kroll

and Settlement Class Counsel in this matter was fair and reasonable and permitted adequate notice to the Class of the settlement of this Action.

6.      The fact that there were no objections to Settlement and only two requests to opt out of the Settlement supports a finding that the Settlement, including the administration of the Settlement, was reasonable. All members of the Class had the opportunity to object to the Settlement and the absolute right to opt-out of the Settlement. Because there were no objections and two opt-outs, all Class Members other than the two opt outs have waived their right to pursue an independent remedy against Defendants and the Released Parties relating to this Action. The notices to the Class appropriately advised all potential Class Members of their right to object to the Settlement or opt-out of the Settlement.

7.      The Settlement on the terms and conditions set forth in the Settlement Agreement is finally approved and confirmed in all respects as fair, reasonable, and adequate under Federal Rule of Civil Procedure 23. Furthermore, the Settlement as set forth in the Settlement Agreement is approved as it is in the best interest of the Class, especially in light of the benefits to the Class in the form of the Settlement Payments and the costs and risks associated with the complex proceedings of a class action lawsuit.

8.      Settlement Class Counsel have fairly and adequately represented the Class and satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure. Accordingly, they are finally approved as Class Counsel for the Class.

9.     All provisions of the Settlement are finally approved in all respects. The parties to the Settlement Agreement are hereby directed to fully comply with the terms of the Court approved Settlement Agreement.

10.     All members of the Class who have valid claims and thus entitled to Settlement Class Member Payment shall have their payments issued to them promptly in accordance with the Settlement Agreement.

11.     This Action is hereby **DISMISSED with prejudice**; subject, however, to this Court retaining jurisdiction over compliance with and implementation of the Settlement Agreement and this Order.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**